IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL B. RUSSO, M.D.,<br><br>             Plaintiff,<br><br>     vs.<br><br>STEPHEN B. JONES, in his<br>capacity of the Commander of<br>Tripler Army Medical Center;<br>JOHN OR JANE DOES 1-25; and<br>DOE ENTITIES 1-25,<br><br>             Defendant.<br>_____ | CIVIL NO. 10-00125 LEK |

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**AND RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Michael B. Russo, M.D. ("Plaintiff") filed a Motion for Preliminary Injunction ("Injunction Motion") on March 8, 2010, and a Renewed Motion for Temporary Restraining Order ("Renewed TRO Motion") on May 21, 2010.  On June 30, 2010, this Court issued an Order Denying Plaintiff's Motion for Preliminary Injunction and Renewed Motion for Temporary Restraining Order in Part and Ordering Further Briefing ("June 30 Order").  The June 30 Order reserved ruling on Plaintiff's request for an order protecting his right to be represented by counsel when he appeared before the hearings board, and denied the Injunction Motion and the Renewed TRO Motion in all other respects.  Pursuant to the June 30 Order, Defendant Stephen L. Jones, in his official capacity as Commander of Tripler Army

Medical Center ("Defendant") filed a supplemental brief on July 12, 2010, and Plaintiff filed a supplemental brief on July 22, 2010.  After careful consideration of the motions and the supplemental briefs, the remaining request in Plaintiff's Injunction Motion and Renewed TRO Motion is HEREBY DENIED for the reasons set forth below.

### DISCUSSION

In the June 30 Order, this Court stated, *inter alia*, that it was

> inclined to grant the Injunction Motion and the Renewed TRO Motion as to Plaintiff's request for an order requiring Defendant to allow Plaintiff to be represented by counsel before the hearings board and requiring Defendant to schedule the hearing for a date and time that permits both Plaintiff and Plaintiff's counsel to attend.

[June 30 Order at 21.]  When the Court issued the June 30 Order, this Court was unaware that the hearing board held Plaintiff's hearing on June 28 and 29, 2010.  Defendant represents that Plaintiff agreed to this date.  [Def.'s Suppl. Brief at 2 n.1.] Plaintiff's counsel was permitted to be present at the hearing in an advisory capacity, but he was not allowed to represent Plaintiff.  Plaintiff had introduce evidence, question witnesses, and present arguments on his own behalf.  [Pltf.'s Suppl. Brief at 2.]  Plaintiff argues that the hearing was adjudicatory and quasi-judicial and therefore the denial of his right to have counsel actively represent him violated his constitutional right

to due process.  Plaintiff argues that this Court should either order Defendant to lift the restrictions on Plaintiff's clinical privileges or order Defendant to convene a hearing with proper procedural safeguards, including the right to be represented by counsel.  [Id. at 18-19.]

First, this Court has already denied the Injunction Motion and the Renewed TRO Motion to the extent that they sought an order requiring Defendant to immediately restore Plaintiff's clinical privileges at Tripler Army Medical Center.  [June 30 Order at 22.]  The only remaining request in the Injunction Motion and the Renewed TRO Motion is Plaintiff's request for a temporary restraining order enjoining and restraining Defendant from, *inter alia*, "commencing the administrative hearing concerning Plaintiff's medical privileges . . . for which Plaintiff has inadequate notice, opportunity to prepare, and any right to be represented by counsel[.]"  [Renewed TRO Motion at 2 (emphasis added).]  Insofar as the hearing board conducted Plaintiff's hearing, albeit without allowing him to be represented by counsel, this Court can no longer enjoin and restrain Defendant from commencing the hearing.

Plaintiff essentially seeks an order declaring that the proceedings before the hearing board were invalid because he was denied his right to be represented by counsel and requiring Defendant to grant him a new hearing.  Even if Plaintiff were

entitled such relief, that is not the relief that he requested in the Injunction Motion or the Renewed TRO Motion.  Plaintiff's request for an order requiring Defendant to allow Plaintiff to be represented by counsel before the hearings board is therefore moot.

## CONCLUSION

On the basis of the foregoing, the remaining request in Plaintiff's Motion for Preliminary Injunction, filed March 8, 2010, and his Renewed Motion for Temporary Restraining Order, filed May 21, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 30, 2010.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MICHAEL B. RUSSO, M.D. V. STEPHEN B. JONES, ETC.; CIVIL NO. 10-00125 LEK; ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER**

4